United States District Court
Southern District of Texas
**ENTERED**
July 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA DODD, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-02216 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ROBERT GLASER, *et al*, | § | |
| Defendants. | § | |

ORDER STRIKING MOTIONS

Plaintiff Patricia Dodd brought action on June 8, 2021 against Defendants Robert Glaser (Chairman of the Houston Community College Board of Trustees), Cesar Maldonado in his official capacity as Chancellor of Houston Community College, and Houston Community College, stating serious and detailed allegations of sexual misconduct against them. Dkt 1. She brought claims pursuant to 42 USC § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution and Title VII of The Civil Rights Act of 1964. Id at ¶¶ 7, 41–65. She brought further claims against Defendants for violations of the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code. Id at ¶¶ 66–67.

Section 17(a) of this Court's procedures requires parties to make "serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief. This includes dispositive motions." It concludes, "The Court will strike motions in civil cases—and may strike motions in criminal cases—that don't include a certificate of conference." Section 17(b) further provides that "pleading deficiencies of a claim or counterclaim are often cured in whole or in part by a permissible amendment to the subject pleading." The Court therefore requires movants to "identify such issues to the opposing party and confer in good

faith to resolve them" before filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Five days after Dodd filed her complaint, Defendants moved to dismiss a number of her claims pursuant to Rule 12(b)(6). Dkt 8. Counsel for Defendants acknowledged in his certificate of conference that he in no way conferred in good faith prior to filing this motion, stating only that he "did not hear back from Plaintiff's counsel and therefore, assumes he is opposed to this Motion." Id at 22.

Defendants then filed an amended motion for partial dismissal three days after their initial motion. Dkt 13. That certificate of conference provided, "Opposing counsel responded to the issue of the official capacity claims against Glaser and Maldonado and stated that he would review this Motion prior to deciding Plaintiff's course of action." Id at 24. Again, this isn't conference in good faith by Defendants.

Defendants simultaneously moved for partial summary judgment on certain of the claims. Dkt 14. Counsel for Defendants once again acknowledged in his certificate of conference that he "did not hear back from Plaintiff's counsel and therefore, assumes he is opposed to this Motion." Id at 11. This, again, is entirely inadequate.

All told, counsel for Defendants filed three dispositive motions totaling sixty pages over three days without having any meaningful conversations with counsel for Dodd. See Dkts 8, 13, 14. This type of *shoot first and ask questions later* approach to motion practice is specifically forbidden under this Court's procedures.

The motions for partial dismissal and partial summary judgment are STRICKEN. Dkts 8, 13, 14.

Defendants may not file further motions to dismiss or for judgment on the pleadings, except as to any issue of this Court's jurisdiction. Motions for summary judgment will not be entertained prior to the close of discovery.

Failure to abide by this Court's procedures for the duration of this litigation will draw equally stern sanctions.

So ordered.

Signed on July 16, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge